1  LATHAM & WATKINS LLP
Matthew Rawlinson (Cal. Bar No. 231890)
2  Daniel R. Gherardi (Cal. Bar No. 317771)
    *matt.rawlinson@lw.com*
3    *daniel.gherardi@lw.com*
140 Scott Drive
4  Menlo Park, CA 94025-1008
Telephone: +1.650.328.4600
5
Melanie M. Blunschi (Cal. Bar No. 234264)
6    *melanie.blunschi@lw.com*
505 Montgomery Street, Suite 2000
7  San Francisco, CA 94111
Telephone: +1.415.391.0600
8
*Attorneys for Defendants Skillz Inc., Andrew*
9  *Paradise, Casey Chafkin, Miriam Aguirre,*
*and Scott Henry*
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13              SAN FRANCISCO DIVISION

14
THOMAS JEDRZEJCZYK, SONNY CHUNG,          Case No.: 3:21-cv-03450-RS
15  KEVIN TINKELMAN, and DAVID LEWIS,
individually, and on behalf of all others similarly   **DEFENDANTS' REQUEST FOR**
16  situated,                                          **JUDICIAL NOTICE IN SUPPORT**
                                                       **OF MOTION TO DISMISS LEAD**
17                    Plaintiffs,                      **PLAINTIFFS' SECOND AMENDED**
                                                       **CONSOLIDATED COMPLAINT**
18            v.                                       **FOR VIOLATIONS OF FEDERAL**
                                                       **SECURITIES LAWS**
19  SKILLZ INC., f/k/a FLYING EAGLE
ACQUISITION CORP., ANDREW PARADISE,       Hearing:    January 19, 2023
20  CASEY CHAFKIN, MIRIAM AGUIRRE, and      Time:       1:30 p.m.
SCOTT HENRY,                              Location:   Courtroom 3 – 17th Floor
21                                                     Judge:      Hon. Richard Seeborg
                      Defendants.
22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to the doctrine of incorporation by reference and Federal Rule of Evidence ("FRE") 201, Defendants Skillz Inc. ("Skillz" or the "Company"), Andrew Paradise, Casey Chafkin, Miriam Aguirre, and Scott Henry (collectively, "Defendants"), respectfully request that the Court consider the following documents submitted in connection with Defendants' Motion to Dismiss (the "Motion") Lead Plaintiffs' Second Amended Consolidated Complaint for Violations of Federal Securities Laws (the "SAC") and attached to the Declaration of Melanie M. Blunschi (the "Blunschi Declaration") filed concurrently herewith:

1.    **Exhibit A:** a true and correct copy of a letter from Flying Eagle Acquisition Corp. ("FEAC") to the United States Securities and Exchange Commission ("SEC") dated October 13, 2020 ("10/13/20 SEC Correspondence"), which is publicly available on the SEC website at www.sec.gov/edgar.

2.    **Exhibit B:** a true and correct copy of a report by Wolfpack Research dated March 8, 2021 ("Wolfpack Report"), which is publicly available on Wolfpack Research's website at https://wolfpackresearch.com/research/skillz/.

3.    **Exhibit C:** a true and correct copy of a report by Eagle Eye Research dated April 19, 2021 ("Eagle Eye Report"), which is publicly available at https://drive.google.com/file/d/1AZLcuomm5cjZWQCxA4uud3FUl8d6wBov/view via a link posted to Eagle Eye Research's Twitter account at https://twitter.com/EagleEyeRsch/status/1384138270628409357.

4.    **Exhibit D:** a true and correct copy of the historical stock price of Skillz common stock from December 10, 2020, through December 22, 2021, which is publicly available at https://finance.yahoo.com/quote/SKLZ/history/.

5.    **Exhibit E:** a true and correct copy of FEAC's amended registration statement on Form S-4 filed with the SEC on November 30, 2020 ("11/30/20 Form S-4/A") and publicly available on the SEC website at www.sec.gov/edgar.

6.    **Exhibit F:** a true and correct copy of Skillz's annual report on Form 10-K for fiscal year 2020 filed with the SEC on March 12, 2021 ("2020 Form 10-K"), which is publicly available on the SEC website at www.sec.gov/edgar.

7.    **Exhibit G:** a true and correct copy of a Skillz press release entitled "Skillz Reports Record Q1 Revenue and Raises 2021 Guidance," dated May 4, 2021, and attached as Exhibit 99.1 to the Company's report on Form 8-K filed with the SEC on May 4, 2021 ("Q1 2021 Press Release"), which is publicly available on the SEC website at www.sec.gov/edgar.

8.     **Exhibit H:** a true and correct copy of FEAC's amended registration statement on Form S-4 filed with the SEC on November 17, 2020 ("11/17/20 Form S-4/A"), which is publicly available on the SEC website at www.sec.gov/edgar.

9.     **Exhibit I**: a true and correct copy of Skillz's Registration Statement on Form S-1 filed with the SEC on March 17, 2021 ("3/17/21 Form S-1/A"), which is publicly available on the SEC website at www.sec.gov/edgar.

10.    **Exhibit J:** a true and correct copy of a letter from Skillz CEO Andrew Paradise to Skillz stockholders dated May 4, 2021, regarding financial results for the first quarter of 2021 and attached as Exhibit 99.2 to the Company's report on Form 8-K filed with the SEC on May 4, 2021 ("Q1 2021 Shareholder Letter"), which is publicly available on the SEC website at www.sec.gov/edgar.

11.    **Exhibit K**: a true and correct copy of a Skillz press release entitled "Skillz Outperforms Fourth Quarter and Full Year 2020 Financial Results," dated March 10, 2021, and attached as Exhibit 99.1 to the Company's report on Form 8-K filed with the SEC on March 10, 2021 ("Q4 2020 Press Release"), which is publicly available on the SEC website at www.sec.gov/edgar.

The Court has already considered each of the above Exhibits other than Exhibit K in connection with Defendants' motions to dismiss Plaintiffs' prior Amended Complaint. *See* July 5, 2022, Order Granting Motions to Dismiss, Dkt. No. 131 (the "Order") at 4-6. And Exhibit K is judicially noticeable for the exact same reasons as the rest of the Exhibits that the Court has already considered. All of these documents are properly considered by the Court because they are incorporated by reference into the SAC and/or are subject to judicial notice.

*First*, Plaintiffs again rely on—but fail to attach copies of—numerous publicly available documents in the SAC. These include annual and quarterly financial statements and materials that Skillz has filed with the SEC, as well as documents available on public websites, that are explicitly referenced in, and form the basis of, Plaintiffs' allegations. They are therefore incorporated into the SAC—as they were into the prior complaint—and are again subject to review by this Court in scrutinizing Plaintiffs' allegations and deciding Defendants' Motion. Second, all of the Exhibits to the Blunschi Declaration are also properly subject to judicial notice under FRE 201 because each is a matter of public record or available in the public domain, and each is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II.     ARGUMENT

### A.     Legal Standard

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider documents incorporated into the complaint by reference as well as matters properly subject to judicial notice. Order at 4-5; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

In the Ninth Circuit, the doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." Order at 5 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)). Among other things, the doctrine serves to preclude plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* A document is incorporated by reference in a pleading "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* And the rule applies even where a complaint does not explicitly mention a document by name or references only a portion of it. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 (N.D. Cal. Mar. 29, 2019) (considering documents cited throughout complaint); *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *6 (N.D. Cal. Oct. 31, 2014) (considering defendant's prospectus under incorporation by reference doctrine); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066-67 (N.D. Cal. 2010) (holding that SEC filings forming the basis of plaintiff's claims were incorporated by reference into complaint); *In re CNET Networks, Inc. S'holder Deriv. Litig.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."). A document incorporated by reference is considered "part of the complaint" and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted); *see also* Order at 5.

Additionally, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also* Order at 5. Public records, including SEC filings, are properly the subject of judicial notice and routinely considered in deciding a motion to dismiss in a securities case. Order at 5-6; *see also In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) ("Plaintiff claims that Apple's SEC filings contained misleading statements, and they therefore form the basis of plaintiff's claims."); *In re Extreme Networks, Inc. S'holder Deriv. Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008). This Court may consider "any matter subject to judicial notice, such as SEC filings" in ruling on Defendants' Motion. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

## B.    Exhibits A–C, E, F, And H–K Are Incorporated By Reference In The SAC

As with the prior complaint, Exhibits A through C, E, F, and H through K are referenced extensively and necessarily relied on in the SAC. The Court has already considered each of these documents other than Exhibit K (which was not previously submitted for the Court's review), Order at 5-6, and they are properly considered again by the Court in their entirety pursuant to the incorporation by reference doctrine.

Plaintiffs extensively cite and quote the following in support of their allegations:

- **Exhibit A, the 10/13/20 SEC Correspondence** – Plaintiffs allege that Exhibit A includes the purported misrepresentation that paying monthly average users was not a primary metric that Skillz used to manage its business, *see, e.g.*, SAC ¶¶ 39 & n.16, 105 & n.62, 136-37 & n.81, 142 & n.82, 147;

- **Exhibit B, the Wolfpack Report** – Plaintiffs allege that Exhibit B revealed the "truth" to the market regarding user download rates of games on Skillz's platform, as well as its ability to handle synchronous play, *see, e.g.*, SAC ¶¶ 53-55, 61, 63, 91-93, 173-74;

- **Exhibit C, the Eagle Eye Report** – Plaintiffs allege that Exhibit C revealed Skillz's "non-cash" revenue, *see, e.g.*, SAC ¶¶ 105-10, 115, 152, 178-79;

- **Exhibit E, the 11/30/20 Form S-4/A** – Plaintiffs allege that Exhibit E includes misrepresentations related to user engagement on the Skillz platform, Skillz's "business and financial condition," Skillz's key business metrics, and technical capabilities of the Skillz platform, *see, e.g.*, SAC ¶¶ 17-18, 20, 29 n.5, 38-39, 48, 58 & n.26, 65, 67-68, 72, 88 & n.43, 99-103 & nn.49-52, 54, 56, 58-59, 105-106 & n.63, 119, 122-23, 126-27, 142;

- **Exhibit F, the 2020 Form 10-K** – Plaintiffs cite Exhibit F as purportedly containing misrepresentations regarding Skillz user engagement, financial results

1    and metrics, and technical capabilities on the Skillz platform, *see, e.g.*, SAC ¶¶ 32
2    & n.8, 37 & nn.12-13, 58 & n.26, 89 & n.44, 99 & n.50, 105, 121-23, 128-29 & nn.
     73-74, 175;

3    •    **Exhibit H, the 11/17/20 Form S-4/A** – Plaintiffs cite Exhibit B, which in turn
4         identifies Exhibit H as the basis of its allegations that downloads of certain apps
          were declining, *see, e.g.*, SAC ¶¶ 54-55;
5
6    •    **Exhibit I, the 3/17/21 Form S-1/A** – Plaintiffs cite Exhibit I and its prior drafts for
          their reference to risk disclosures related to game popularity, Skillz's financial
7         metrics and results, Skillz's technical capabilities, and user engagement, *see, e.g.*,
          SAC ¶¶ 20-22, 38, 52 & n.24, 58 & n.26, 65-69, 88-89, 99, 105, 122-23, 126-29,
8         141, 158-60;

9    •    **Exhibit J, the Q1 2021 Shareholder Letter** – Plaintiffs cite Exhibit J's discussion
          of testing by third-party developers of Skillz's synchronous game play functionality
10        in connection with their theories of scienter and loss causation, *see, e.g.*, SAC ¶¶
11        49, 94, 104, 114, 157;

12       •    **Exhibit K, the Q4 2020 Press Release** – Plaintiffs reference Exhibit K's
              announcement of financial results that "beat analyst expectations," *see, e.g.*, SAC
13            ¶ 175.

14       Because the foregoing exhibits form the basis of Plaintiffs' allegations, they are

15   incorporated by reference into the complaint and are appropriately considered by this Court in

16   deciding Defendants' Motion. Order at 5-6; *see Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL

17   4569846, at *2 (N.D. Cal. Aug. 7, 2020); *In re Bare Escentuals*, 745 F. Supp. 2d at 1066-67; *In re*

18   *CNET Networks*, 483 F. Supp. 2d at 953; *In re Intel*, 2019 WL 1427660, at *6; *Park v. GoPro,*

19   *Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019).

20       **C.    All Exhibits Are Properly Subject to Judicial Notice**

21       Additionally, the Court previously considered each of Exhibits A through J as being subject

22   to judicial notice, and Exhibit K is judicially noticeable for the same reasons as the other Exhibits.

23   Order at 5-6. As before, all of the documents submitted in connection with Defendants' Motion—

24   Exhibits A through K—are subject to judicial notice because each is a matter of public record or

25   otherwise available in the public domain, and each is capable of accurate and ready determination

26   by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b);

27   Order at 5-6.

28

Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities cases. Order at 5-6; *see Boston Ret. Sys.*, 2020 WL 4569846, at *2-3 (taking judicial notice of SEC filings and press releases); *Dreiling*, 458 F.3d at 946 n.2 (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Exhibits A and E through K are all documents that the Company publicly filed with the SEC. None is subject to reasonable dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar. Accordingly, the Court may take judicial notice of these exhibits to show that defendants "made the statements contained therein." *Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings); *see also In re Intel*, 2019 WL 1427660, at *7 (taking judicial notice of SEC filing not otherwise incorporated by reference in complaint).

The Court may also take judicial notice of the short seller reports (Exhibits B and C), as they are readily determinable from sources whose accuracy cannot reasonably be questioned given that Plaintiffs refers to the online location of the reports. *See, e.g.*, *Hurst v. Enphase Energy, Inc., et al.*, 2021 WL 3633837, at *2-3 (N.D. Cal. Aug. 17, 2021) (taking judicial notice of short-seller report); *Mulquin v. Nektar Therapeutics, Inc.*, 510 F. Supp. 3d 854, 864 (N.D. Cal. 2020) (granting request for judicial notice as to short-seller report). While Defendants certainly dispute the *accuracy* of the accusations (and are not seeking judicial notice of these documents for the truth of the matters asserted), the Court may take judicial notice of these exhibits for the fact that the accusations were made and the market was aware of them. The short-seller reports (Exhibits B and C) are publicly available on Wolfpack's website and/or Twitter, and contain accusations that Skillz omitted information about user downloads of certain games, and misrepresented its international expansion possibilities and financial results.

The Court may also take judicial notice of the price of Skillz's common stock from December 20, 2020, through December 22, 2021 (Exhibit D). Skillz's stock price is not a fact subject to reasonable dispute and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions"—here, Yahoo! Finance's public website. Fed. R. Evid. 201(b). Courts routinely take judicial notice of stock charts depicting daily stock prices from

credible sources, including Yahoo! Finance. *See, e.g., In re Nvidia Corp. Sec. Litig.,* 2010 WL 4117561, at *2, n. 3 (N.D. Cal. Oct. 19, 2010) (taking judicial notice of daily closing prices as reported by Yahoo! Finance and provided by defendants); *Siemers v. Wells Fargo & Co.,* 2007 WL 1456047, at *2 (N.D. Cal. May 17, 2007) (taking judicial notice of Yahoo! Finance reporting of share price).

**III.     CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that the Court again consider Exhibits A through K in assessing Defendants' Motion to Dismiss.

Dated: September 19, 2022                          Respectfully submitted,


LATHAM & WATKINS LLP

By */s/Matthew Rawlinson*
      Matthew Rawlinson

*Attorneys for Defendants Skillz Inc.,*
*Andrew Paradise, Casey Chafkin, Miriam*
*Aguirre, and Scott Henry*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

DEFS.' RJN ISO MTD
3:21-CV-03450-RS